UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CITY OF ANN ARBOR EMPLOYEES'
RETIREMENT SYSTEM, Individually and
on behalf of all others similarly situated,

                              MEMORANDUM AND ORDER

        Plaintiffs,                      CV 08-1418

    -against-                      (Wexler, J.)

CITIGROUP MORTGAGE LOAN
TRUST INC., et al.,

        Defendants.
----------------------------------------------------------X
APPEARANCES:

        COUGHLIN STOIA GELLER RUDMAN ROBBINS LLP
        BY: DAVID A. ROSENFELD, ESQ.
        Attorneys for Plaintiffs
        58 South Service Road, Suite 200
        Melville, New York 11747

        CLEARLY GOTTLEIB STEEN & HAMILTON LLP
        BY: LAWRENCE FRIEDMAN, ESQ.
        Attorneys for Defendants
        One Liberty Plaza
        New York, New York 10006

WEXLER, District Judge

       This is a class action alleging violation of Sections 11 and 15 of the Securities Act of 1933. The action was commenced in the Supreme Court of the State of New York and was thereafter removed to this court. In a Memorandum and Order dated August 11, 2008 (the "August 11 Opinion") this court denied a motion to remand the case to state court. City of Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust Inc., 2008 WL 3891221

1

(E.D.N.Y. 2008) ("Ann Arbor I"). Presently before the court is Plaintiffs' motion for reconsideration of the denial of remand. For the reasons that follow, the motion is denied.

## DISCUSSION

I.   The August 11 Opinion

The facts of this case and allegations of the complaint are recited in the August 11 Opinion. The court assumes familiarity therewith.

As set forth in the August 11 Opinion, remand was denied, and federal jurisdiction held to exist, on the ground that this case is "related to" the pending bankruptcy of American Home Mortgage ("AHM"). The case was therefore held to have been properly removed pursuant to 28 U.S.C. §1452(a). More specifically, this court noted the broad scope of "related to" bankruptcy jurisdiction, and held that because the outcome of this litigation could "conceivably have any effect on" the AHM estate, removal was proper. Ann Arbor I, 2008 WL 3891221 *2; see In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992), citing, In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984); see also Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995), quoting, Pacor, 743 F.2d at 944. The court noted its agreement with the holding of other district courts in this circuit, most notably, with In re Worldcom, Inc. Securities Litigation, 293 B.R. 308, 317 (S.D.N.Y. 2003), the facts of which were noted to be strikingly similar to those here. Ann Arbor I, 2008 WL 3891221 *2.

II.  The Motion for Reconsideration

Plaintiffs' motion for reconsideration is based upon a single development, which is not in dispute. On August 15, 2008, the first proposed liquidation plan for the AHM bankruptcy proceeding (the "Plan") was filed in Bankruptcy Court. The Plan proposes, inter alia, the

2

establishment of a liquidating trust that will operate for a five year term. The trust is to be funded with AHM assets and used to satisfy AHM's obligations to unsecured creditors.

Plaintiffs contend that the filing of the Plan divests this court of jurisdiction. Plaintiffs argue that if the Plan is approved, it will provide for the distribution of all of AHM's assets and essentially end the AHM bankruptcy proceeding. Plaintiffs further note that if the Plan is not approved, AHM has advised that its bankruptcy proceedings will be converted to Chapter 7 liquidation, which will also complete the AHM bankruptcy.

In opposition to the motion, Defendants argue that: (1) the filing of the Plan is not newly discovered evidence sufficient to warrant reconsideration; (2) the existence of federal jurisdiction is to be determined as of the date of the filing of the complaint such that subsequent developments in the bankruptcy proceeding cannot disturb that jurisdiction, and (3) Plaintiffs mischaracterize the effect of the plan as signaling the end of the AHM bankruptcy.

III. Disposition of the Motion

A. Legal Standard

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir.

3

1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

B    Reconsideration is Not Warranted

As noted, the sole argument advanced in support of reconsideration of the decision denying remand is the recent filing of the Plan. Federal jurisdiction is determined as of the filing of the complaint. Federal Deposit Ins. Co. v. Four Star Holding Co., 178 F.3d 97, 100 (2d Cir. 1999). Such jurisdiction is not defeated by events following commencement of the action. Freeport-McMoRon, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991); Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., 337 BR 22, 25 (S.D.N.Y. 2005). Thus, the filing of the Plan after the filing of the complaint does not divest this court of jurisdiction. Accord In re Worldcom Inc. Secs. Litig., 294 BR 553, 556 (S.D.N.Y. 2003).

As observed by the Worldcom court, any decision to the contrary would require the court to continually revisit the issue of jurisdiction to determine whether it can be said, at every moment in time, that the litigation has a conceivable effect on the bankrupt estate. Worldcom, 294 BR at 556. Such a decision would "create perverse incentives for the parties to engage in delay and gamesmanship in both the bankruptcy reorganization and the related litigation." Id. at 557. Here, as in Worldcom, the filing of a plan that could signal the end of bankruptcy proceedings does not change the fact that "related to" bankruptcy jurisdiction existed as of the

filing of the complaint. Cf. Four Star Holding, 178 F.3d at 100-01 (where federal jurisdiction was based upon fact that FDIC was party, transfer of assets by FDIC to private third party did not divest the federal court of jurisdiction).

## CONCLUSION

In light of the foregoing, the court holds that the filing of the proposed plan of liquidation in the AHM bankruptcy proceeding does not divest this court of the "related to" jurisdiction existing at the time of the filing of the complaint. Accordingly, the motion for reconsideration is denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 6, 2008