UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CITY OF ANN ARBOR EMPLOYEES'
RETIREMENT SYSTEM, Individually and On
Behalf of All Others Similarly Situtated,

                        Plaintiffs,                        <u>REPORT AND
RECOMMENDATION</u>

     -against-                                          CV 08-1418 (LDW) (ETB)

CITIGROUP MORTGAGE LOAN TRUST
INC., et al.,

                        Defendants.
-----------------------------------------------------------------------x

TO THE HONORABLE LEONARD D. WEXLER, UNITED STATES DISTRICT JUDGE:

      Before the Court is the application of Plaintiffs City of Ann Arbor Employees' Retirement System (the "Retirement System") and Greater Kansas City Laborers Pension Fund (the "Pension Fund") (collectively referred to as "Plaintiffs") to (1) be appointed as co-lead plaintiffs in the within class action, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1; and (2) to have their selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") appointed as lead counsel for the class.

      Defendants, Citigroup Mortgage Loan Trust Inc. ("Citigroup Mortgage"), Citigroup Mortgage Loan Trust 2007-2, Citigroup Mortgage Loan Trust 2007-6, Citigroup Loan Trust 2007-AHL1, Citigroup Mortgage Loan Trust 2007-AHL2, Citigroup Mortgage Loan Trust 2007-AHL3, Citigroup Mortgage Loan Trust 2007-AMC1, Citigroup Mortgage Loan Trust 2007-AMC2, Citigroup Mortgage Loan Trust 2007-AMC3, Citigroup Mortgage Loan Trust 2007-AMC4, Citigroup Mortgage Loan Trust 2007-AR1, Citigroup Mortgage Loan Trust 2007-AR4,

-1-

Citigroup Mortgage Loan Trust 2007-AR5, Citigroup Mortgage Loan Trust 2007-AR7, Citigroup Mortgage Loan Trust 2007-OPX1, Citigroup Mortgage Loan Trust 2007-WFHE1, Citigroup Mortgage Loan Trust 2007-WFHE2, Citigroup Mortgage Loan Trust 2007-WFHE3, Citigroup Mortgage Loan Trust 2007-WFHE4 (collectively, the "Trusts"), Citigroup Global Markets Inc., Randall Costa, Scott Freidenrich, Peter Patricola, Mark I. Tsesarsky, Jeffrey Perlowitz and Evelyn Echevarria (collectively referred to as "Defendants") oppose Plaintiffs' application only with respect to the proposed appointment of the Pension Fund as a co-lead plaintiff. Defendants assert that Plaintiffs have failed to make any evidentiary showing as to why more than one lead plaintiff is necessary here. Defendants have no objection to the appointment of the Retirement System as lead plaintiff or to the appointment of Coughlin Stoia as lead counsel. For the following reasons, I recommend that Plaintiffs' motion be granted.

FACTS

Plaintiffs commenced this putative class action in New York state court on March 19, 2008, alleging violations of Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o. Specifically, Plaintiffs allege that on December 12, 2006, Defendants Citigroup Mortgage and the Trusts issued a Registration Statement in connection with the issuance of billions of dollars of Mortgage Pass-Through Certificates and Asset-Backed Pass-Through Certificates (collectively, the "Certificates") that contained false and misleading statements and/or omissions, which Plaintiffs relied on in purchasing the Certificates. (Compl. ¶¶ 1-4.) Plaintiffs allege that as a result of Defendants' false statements, the Certificates they purchased were secured by assets that had a much greater risk profile than represented in the Registration Statement. (Id. ¶

5.) Plaintiffs further allege that in the Fall of 2007, the true value of the assets by which the Certificates are secured became public information. (Id. ¶ 6.) Thereafter, the credit rating agencies began placing negative watch labels on the Certificates and ultimately downgraded many. (Id.) As a result, Plaintiffs allege that the Certificates are no longer marketable at prices anywhere near the prices paid by Plaintiffs and that they have been exposed to much greater risk with respect to their investments than represented in the Registration Statement. (Id.) Defendants removed the action to this court on April 7, 2008.

DISCUSSION

I.  Standard for Appointment of Lead Plaintiff

Pursuant to the PSLRA, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA creates a "rebuttable presumption" that the "'person or group of persons' who is a named plaintiff or proper movant and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 is the most adequate plaintiff, provided that person or group of persons 'has the largest financial interest in the relief sought by the class . . . .'" In re Orion Secs. Litig., No. 08 Civ. 1328, 2008 U.S. Dist. LEXIS 55368, at *9-10 (S.D.N.Y. July 7, 2008) (quoting 15 U.S.C. § 77z-1(a)(3)(B)) (additional citations omitted).

"This presumption may be rebutted 'only upon proof by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of

adequately representing the class.'" In re Orion, 2008 U.S. Dist. LEXIS 55368, at *10 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). "Many courts have interpreted the PSLRA to favor institutional investors serving as lead plaintiff." Olsen v. N.Y. Cmty. Bancorp, Inc., 233 F.R.D. 101, 107 (E.D.N.Y. 2005) (citing cases); see also Vladimir v. Bioenvision, Inc., No. 07 Civ. 6416, 2007 U.S. Dist. LEXIS 93470, at *10 (S.D.N.Y. Dec. 21, 2007) ("Congress decided that the PSLRA's objectives are best achieved when lead plaintiffs are institutional investors or others with large holdings at stake whose interests will be most strongly aligned with those of the class members.")

II.     Defendants' Standing to Challenge the Appointment of Lead Plaintiff

A threshold issue in the within action is whether Defendants have standing to challenge the within motion. "There is some disagreement as to whether the PSLRA grants standing to defendants to challenge a motion to appoint a lead plaintiff and class counsel." Koppel v. 1987 Corp., Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999) (citing cases). The Second Circuit has yet to resolve this issue. See Funke v. Life Fin. Corp., No. 99 Civ. 11877, 2003 U.S. Dist. LEXIS 1226, at *14 n.8 (S.D.N.Y. Jan. 25, 2003).

Relying on numerous cases outside the Second Circuit, Plaintiffs assert that Defendants lack standing to oppose their selection of lead plaintiff. See, e.g., In re Merck & Co., Inc. Secs. Litig., 432 F.3d 261, 266-67 (3d Cir. 2005) (stating that the "weight of authority" holds against defendants' ability to challenge lead plaintiff selection, in part "because defendants will rarely have the best interests of the class at heart"). While this may be true, there is nothing in the PSLRA that indicates that the application for appointment of lead plaintiff is one that is made ex

parte. Ours is an adversarial system. Moreover, several cases within the Eastern and Southern Districts of New York, either imply or directly hold that defendants do indeed possess such standing. See, e.g., In re Luxottica Group, S.p.A. Secs. Litig., No. 01-CV-3285, 2004 U.S. Dist. LEXIS 21130, at *9 (E.D.N.Y. Oct. 22, 2004) ("In that spirit, and for lack of any clear statutory language in the PSLRA precluding or limiting the right of defendants to be heard on the issue of lead plaintiff and lead counsel designations, defendants have standing to be heard during the appointment process."); King v. Livent, Inc., 36 F. Supp. 2d 187, 190-91 (S.D.N.Y. 1999) (holding that defendants have a right to be heard with respect to the appointment of lead plaintiff and stating that "nothing in the text of the [PSLRA] precludes or limits the right of defendants to be heard on this issue"); see also Yates v. Open Joint Stock Co., Nos. 04 Civ. 9742, 04 Civ. 9973, 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that two cases addressing the issue within the Southern District of New York "have held defendants do have standing to be heard during the appointment process" but noting that defendants' concerns are "premature" and "properly addressed at the class certification stage, not in the context of a motion to appoint lead counsel"); Funke, 2003 U.S. Dist. LEXIS 1226, at *14 n.8 ("Since the PLSRA requires Courts to take a more active role in supervising the process of selecting lead plaintiffs . . . this court finds the information provided by the defendants useful in rendering its decision, regardless of whether or not they have standing to formally oppose plaintiffs' motion.").

Accordingly, based on the law in this Circuit, I find that Defendants have standing to challenge the appointment of lead plaintiff. However, it should be noted that if any of the other members of the putative class shared Defendants' concerns that appointing co-lead plaintiffs

would somehow jeopardize this action, they likely would have opposed the within motion. No such objections have been raised.

III.    The Within Motion to Appoint Lead Plaintiff

    A.    The Requirements of Rule 23

As stated supra, the PSLRA creates a rebuttable presumption that the person or persons with the largest financial interest in the action is the most adequate lead plaintiff. See 15 U.S.C. § 77z-1(a)(3)(B). Here, Defendants do not dispute that, together, the Retirement System and the Pension Fund acquired more than 741,000 Certificates during the class period, making them the plaintiffs with the largest financial interest in this action. Accordingly, the Retirement System and the Pension Fund are presumed to be the most adequate lead plaintiffs.

However, "the PSLRA mandates that the lead plaintiff must [also] meet the requirements of Rule 23(a)" of the Federal Rules of Civil Procedure. In re Orion, 2008 U.S. Dist. LEXIS 55368, at *10-11 (citation omitted). Pursuant to Rule 23(a), a class is required to satisfy four criteria: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. See Fed. R. Civ. P. 23(a); see also In re Orion, 2008 U.S. Dist. LEXIS 55368, at *11. "[O]f the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative." In re Orion, 2008 U.S. Dist. LEXIS 55368, at *11 (quoting Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., 229 F.R.D. 395, 412 (S.D.N.Y. 2004)). "Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and

typicality requirements under Rule 23 have been met." In re Orion, 2008 U.S. Dist. LEXIS 55368, at *11 (quoting Pirelli, 229 F.R.D. at 412).

The typicality requirement is satisfied where "the claims arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Olsen, 233 F.R.D. at 108 (citing Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001)); see also In re Orion, 2008 U.S. Dist. LEXIS 55368, at *12. However, "[t]he lead plaintiff's claims 'need not be identical to the claims of the class to satisfy the typicality requirement.'" In re Orion, 2008 U.S. Dist. LEXIS 55368, at *12 (quoting Pirelli, 229 F.R.D. at 412). In the within action, the Retirement System and the Pension Fund satisfy the typicality requirement because, like the other purported class members, both allege that they purchased the Certificates at issue herein during the class period, in reliance on the allegedly false and misleading statements contained in the Registration Statement issued by the Defendants, and suffered economic injuries as a result.

With respect to the adequacy requirement, this is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Olsen, 233 F.R.D. at 109 (quotation omitted); see also In Re Orion, 2008 U.S. Dist. LEXIS 5368, at *11-12. Here, all three of these requirements are met. As discussed below, Plaintiffs' choice of lead counsel, Coughlin Stoia, has extensive experience litigating securities class actions and, therefore, has the ability to conduct the within litigation effectively. Moreover, there has been nothing offered to suggest that the members of either the Retirement System or the Pension Fund possess antagonistic

interests to each other or to the other members of the putative class.  Finally, having the largest financial interest in this action, the Retirement System and the Pension Fund are sufficiently interested in the outcome of this litigation such that it can be assumed that they will ensure vigorous advocacy on behalf of the purported class.

Based on the foregoing, I find that the Retirement System and the Pension Fund meet the requirements of Federal Rule of Civil Procedure 23(a).

B.    Whether Two Groups of Plaintiffs May be Appointed Co-Lead Plaintiffs

The real issue presented here is whether the Court should permit two groups of unrelated institutional investors to be appointed as co-lead plaintiffs.  Courts in this Circuit appear to be divided on this issue.  However, "[t]he majority of courts . . . have adopted an intermediate position, permitting unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such grouping would best serve the class."  Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (citing In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1988)).

Cases that have denied unrelated investors from banding together as lead plaintiffs generally do so where it appears that the grouping is done for no reason other than to artificially create the highest possible financial interest figure under the PSLRA.  See, e.g., In re Pfizer Inc. Secs. Litig., 233 F.R.D. 334, 337 (S.D.N.Y. 2005) ("Nothing before the Court indicates that this aggregation is anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA . . . and I reject it."); In re Donkenny Inc. Secs. Litig., 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("Counsel have not offered any reason for appointing an aggregation of unrelated institutional and individual investors as lead plaintiffs other than the argument that the

language of the statute does not expressly forbid such a result."). However, such an issue is not present in the within action since it is undisputed that both the Retirement System and the Pension Fund each suffered substantial financial injuries individually, such that aggregating their losses is largely unnecessary.

Rather, to satisfy the court that two groups of unrelated investors may be joined together as co-lead plaintiffs, the groups "must 'evince[] an ability (and a desire) to work collectively to manage the litigation.'" <u>Varghese</u>, 589 F. Supp. 2d at 392 (quoting <u>Reimer v. Ambac Fin. Group, Inc.</u>, Nos. 08 Div. 411 <u>et al.</u>, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008)). When such a showing has been made, courts do not hesitate to permit the appointment of co-lead plaintiffs. <u>See, e.g.</u>, <u>Levine v. Atricure, Inc.</u>, 508 F. Supp. 2d 268, 276 (S.D.N.Y. 2007) (permitting co-lead plaintiffs); <u>Olsen</u>, 233 F.R.D. at 107 (finding a two-member group a "valid" lead plaintiff group under the PSLRA); <u>Funke</u>, 2003 U.S. Dist. LEXIS 1226, at * 16-17 (allowing nine individual investors to serve as co-lead plaintiffs).

Here, I find that the Retirement System and the Pension Fund have evidenced an ability to work together, by virtue of their joint motion to be appointed co-lead plaintiffs and their selection of Coughlin Stoia as Lead Counsel, discussed <u>infra</u>. Moreover, Defendants have submitted no proof to the contrary. Accordingly, I recommend that the within application to be appointed co-lead plaintiffs be granted.

IV. <u>Appointment of Lead Counsel</u>

Pursuant to Section 78u-4(a)(3)(B)(v) of the PSLRA, "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §

78u-4(a)(3)(B)(v). As per the language of the statute, "the lead plaintiff's right to select and retain counsel is not absolute - the court retains the power and the duty to supervise counsel selection and counsel retention." In re Luxottica, 2004 U.S. Dist. LEXIS 21130, at *7 (quoting In re Warnaco Group, Inc., Sec. Litig., No. 00 Civ. 6266, 2004 WL 1574690, at *1 (S.D.N.Y. July 13, 2004)). However, "the power to 'select and retain' lead counsel belongs, at least in the first instance, to the lead plaintiff, and the court's role is confined to deciding whether to 'approve' that choice." In re Luxottica, 2004 U.S. Dist. LEXIS 21130, at *7 (quoting In re Warnaco, 2004 WL 1574690, at *1). In order to satisfy the court that the lead plaintiff's choice of counsel is an appropriate one, "[p]roposed lead counsel must demonstrate that it is capable of representing all plaintiffs in a fair, competent and efficient manner." In re Luxottica, 2004 U.S. Dist. LEXIS 21130, at *7-8 (collecting cases).

Here, the Retirement System and the Pension Fund have chosen Coughlin Stoia as their lead counsel and seek the Court's approval of that selection. In support of that request, David A. Rosenfeld, of Coughlin Stoia, has submitted a declaration, which attaches a resume of his law firm, setting forth the firm's experience as class counsel and detailing numerous securities class actions in which the firm has served as either lead or co-lead counsel. (Rosenfeld Decl., Ex. D.) In addition, Coughlin Stoia "has been praised for the quality of its representation by several judges in various parts of the country." In re Orion, 2008 U.S. Dist. LEXIS 55368, at *18. "As such, the Court finds that Coughlin Stoia is well qualified to serve as lead counsel in this matter." Id.

Accordingly, I recommend that Plaintiffs' selection of Coughlin Stoia as lead counsel in this action be approved.[1]

RECOMMENDATION

For the foregoing reasons, I recommend that Plaintiffs' motion be granted and that the Ann Arbor Employees' Retirement System and the Greater Kansas City Laborers Pension Fund be appointed as co-lead plaintiffs in this action. I further recommend that the Court approve the selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

---

[1] Defendants request that if the Plaintiffs' motion to be appointed co-lead plaintiffs is granted, the Court issue an order prohibiting duplicative discovery requests and attorney's fees. In light of the fact that the Retirement System and the Pension Fund are jointly requesting to have one law firm appointed Lead Counsel, there does not appear to be a risk of such duplication. Moreover, counsel herein knows full well that this recommendation is not intended to condone any duplicative discovery requests and attendant attorney's fees.

**SO ORDERED:**

Dated: Central Islip, New York
March 9, 2009

                                                                /s/ E. Thomas Boyle
                                                                HON. E. THOMAS BOYLE
                                                                United States Magistrate Judge