UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIGROUP MORTGAGE LOAN TRUST INC., et al.<br><br>Defendants. | Civil Action No. 08-CV-01418<br><br>CLASS ACTION<br><br>[[redacted]] FINAL ORDER AND JUDGMENT |

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
LONG ISLAND OFFICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated August 28, 2012, on the application of the Lead Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement, dated as of August 16, 2012 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all persons or entities that purchased or otherwise acquired Citigroup Mortgage Loan Trust 2007-AR5 Mortgage Pass-Through Certificates and/or Citigroup Mortgage Loan Trust 2007-WFHE2 Asset-Backed Pass-Through Certificates during the period from January 1, 2007 through October 31, 2007, inclusive (the "Relevant Time Period") and who were damaged thereby. Excluded from the Settlement Class are Defendants, their Related Parties, Wells Fargo Bank, N.A., Allstate Insurance Company, Allstate Life Insurance Company, Allstate Life Insurance Company of New York, Allstate Retirement Plan, and Agents Pension Plan, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant, Related Party, Wells Fargo Bank, N.A., Allstate Insurance Company, Allstate Life Insurance Company, Allstate Life Insurance Company of New York,

Allstate Retirement Plan, or Agents Pension Plan has or had a controlling interest, except that Investment Vehicles shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those persons or entities that timely and validly requested exclusion from the Settlement Class pursuant to the Notice, as set forth in Exhibit 1 attached hereto.

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (iv) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

5. Except as to the individual claims of those persons and entities (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, including all of the Settled Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Settlement Class Members, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Lead Plaintiffs and each of the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Settled Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim Form. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Upon the Effective Date, Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind, asserting any of the Settled Claims against any of the Released Parties, whether directly or indirectly, whether on their

own behalf or otherwise, and regardless of whether or not such Lead Plaintiff or Settlement Class Member executes and delivers a Proof of Claim Form.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Lead Plaintiffs, Settlement Class Members, and their counsel, employees, successors and assigns, from all Released Parties' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims.

10. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

11. Any Plan of Allocation submitted by Lead Counsel or any attorneys' fee or Litigation Expense award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. The Stipulation and the Settlement contained therein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the

Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or other wrongdoing of any kind by any of the Released Parties to Lead Plaintiffs, the Settlement Class or anyone else;

(b) shall not be offered against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Released Parties, Lead Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

(c) shall not be offered against any of the Released Parties, or against the Lead Plaintiffs or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other arbitration or civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, Defendants or any Released Party may file the Stipulation and/or this Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d) shall not be construed against any of the Released Parties, Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed against Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and Litigation Expenses in the Action; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: 12/5/12
Central Islip, New York

THE HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

*CITIGRP-EXCL00001*

[redacted]

RECEIVED EC
OCT 29 2012
CLAIMS CENTER

# Exclusion Cover Page

Case Name: Citigroup Mortgage

Case Code: CITIGRP

Exclusion Deadline: 11/5/2012 (Postmark Date)

Name of Person Filing Exclusion: FSA Asset Management LLC and its affiliates
Dexia Credit Local, New York Branch and
Dexia Holdings, Inc.

**FSA ASSET MANAGEMENT LLC**
c/o Dexia Financial Products Services LLC, its agent and attorney-in-fact

October 26, 2012

Citigroup Mortgage Loan Trust Certificates Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

Re: Exclusion from Class Action Settlement
Citigroup Mortgage Loan Trust 2007-WFHE2 A4 (Cusip 17312BAD4)

Dear Sir or Madam:

This letter serves as written notice that the undersigned, FSA Asset Management LLC and its affiliates Dexia Crédit Local, New York Branch and Dexia Holdings, Inc., hereby exclude themselves from *City of Ann Arbor Employees' Retirement System, et al. v. Citigroup Mortgage Loan Trust Inc., et al.*, Civil Action NO. 08-CV-01418 (E.D.N.Y.).

Pursuant to paragraph no. 14 of the Notice of Pendency of Class Action and Proposed Settlement and Final Approval Hearing dated August 28, 2012 relating to the proposed class action settlement described therein, the following information is provided:

1. **Name of Purchaser:** FSA Asset Management LLC

2. **Address:** Current Address: FSA Asset Management LLC
c/o Dexia Financial Products Services LLC

   Past Address: FSA Asset Management LLC

3. **Telephone Number:**

4. **Number of Certificates Purchased from January 1, 2007 through October 31, 2007:**

   $32,000,000 of Citigroup Mortgage Loan Trust 2007-WFHE2 A4

5. **Date of Purchase:** March 13, 2007 (trade date); settlement of purchase on April 10, 2007

6. **Purchase Price:** $32,000,000.00 (i.e., purchase price of 100.000% per Certificate)

7. **Date of Sale:** June 30, 2011 (trade date); settlement of sale on July 19, 2011

8. **Sale Price:** $11,748,175.80, including accrued interest (i.e., sale price of 36.680306% per Certificate)

We note that in connection with the sale of the Certificates referenced above, on the sale settlement date and immediately prior to the transfer of the Certificates referenced above to a third party, the Certificates were transferred by FSA Asset Management LLC to its affiliate Dexia Crédit Local, New York Branch, with the Certificates then being transferred by Dexia Crédit Local, New York Branch to the third party purchaser on such sale settlement date. Dexia Holdings, Inc. is an indirect owner of FSA Asset Management LLC through its wholly-owned subsidiary Dexia FP Holdings Inc., and is contractually bound to reimburse Dexia Crédit Local, New York Branch for any losses incurred with respect to the Certificates. Due to such transactions, Dexia Crédit Local, New York Branch and Dexia Holdings, Inc. are signing this letter to evidence their agreement with this exclusion letter.

**FSA ASSET MANAGEMENT LLC**

By: Dexia Financial Products Services LLC, its agent and attorney-in-fact

By:____________________
Name: Laurent Bouscharain
Title: Chief Financial Officer

**DEXIA CRÉDIT LOCAL, NEW YORK BRANCH**

By:____________________
Name: Guy Cools
Title: General Manager

**DEXIA HOLDINGS, INC.**

By:____________________
Name: Guy Cools
Title: President

Jon Peterson

DEXIA

RECEIVED

OCT 29 2012

CLAIM CENTER

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7011 2970 0002 7798 3920

Citigroup Mortgage Loan Trust Certificates
Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

9497680990

*CITIGRP-EXCL00002*

[redacted]

RECEIVED EC
NOV 09 2012
CLAIMS CENTER

# Exclusion Cover Page

Case Name: Citigroup Mortgage

Case Code: CITIGRP

Exclusion Deadline: 11/5/2012 (Postmark Date)

Name of Person Filing Exclusion: IKB Deutsche Industriebank IKB International S.A. in Liquidation (collectively, IKB)

Labaton
Sucharow

Mark S. Arisohn
Partner
direct
fax

November 5, 2012

Citigroup Mortgage Loan Trust
Certificates Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

**Re: Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust Inc.
Civil Action No. 08-CV-01418 (E.D.N.Y.)**

Dear Claims Administrator:

We represent IKB Deutsche Industriebank AG and IKB International S.A. in Liquidation (collectively, IKB). Please take notice that IKB wants to be excluded from the settlement class in *Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust Inc*. Civil Action No. 08-CV-01418 (E.D.N.Y.). The three certificates purchased and relevant information for the transactions are as follows:

| CUSIP | TRUST and | TRANCHE | PURCHASE DATE | PURCHASE PRICE | SALE PRICE |
|---|---|---|---|---|---|
| 17312BAH5 | CMLTI 2007-WFHE2 | M4 | 3/13/07 | 9,720,000 | 835,920 |
| 17312BAJ1 | CMLTI 2007-WFHE2 | M5 | 3/13/07 | 8,000,000 | 590,400 |
| 17312BAL6 | CMLTI 2007-WFHE2 | M7 | 3/13/07 | 2,559,000 | 0 |

Very truly yours,

Mark S. Arisohn
Labaton Sucharow LLP
Attorneys for IKB

MARK ARISOHN

Labaton
Sucharow

CHURCH ST. STATION NEW YORK NY 10007 NOV 5 2012

PURPLE HEART FOREVER USA

RECEIVED
NOV - 9 2012
CLAIM CENTER

Citigroup Mortgage Loan Trust
Certificates Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

94976&0990 B900

*CITIGRP-EXCL00003*

[redacted]

RECEIVED EC
NOV 0 9 2012
CLAIMS CENTER

# Exclusion Cover Page

Case Name: Citigroup Mortgage

Case Code: CITIGRP

Exclusion Deadline: 11/5/2012 (Postmark Date)

Name of Person Filing Exclusion: Deutsche Zentral Genossenschaftsbank AG (DZ Bank)

**Labaton Sucharow**

Mark S. Arisohn
Partner
direct
fax

November 5, 2012

Citigroup Mortgage Loan Trust
Certificates Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

**Re: Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust Inc. Civil Action No. 08-CV-01418 (E.D.N.Y.)**

Dear Claims Administrator:

We represent Deutsche Zentral-Genossenschaftsbank AG (DZ Bank). Please take notice that DZ Bank wants to be excluded from the settlement class in *Ann Arbor Employees' Retirement System v. Citigroup Mortgage Loan Trust Inc.* Civil Action No. 08-CV-01418 (E.D.N.Y.). The one certificate purchased and relevant information for the transaction are as follows:

| CUSIP | TRUST and TRANCHE | PURCHASE DATE | PURCHASE PRICE |
|---|---|---|---|
| 17312BAB8 | CMLTI 2007-WFHE2 A2 | 3/14/07 | $15,000,000 |

Very truly yours,

Mark S. Arisohn
Labaton Sucharow LLP
Attorneys for DZ Bank

MARK ARISOHN

Labaton
Sucharow

10007 CHURCH ST. STATION NE
NOV 5 2012

RECEIVED
NOV - 9 2012
CLAIM CENTER

Citigroup Mortgage Loan Trust
Certificates Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

94976S0990 B900